FRANCIS THOMAS, adm'r, plaintiff in error, vs. CHARLES W. HORN, adm'or, defendant in error.

When the answer is indefinite and unsatisfactory, the injunction will not be dissolved; especially when it sets up matter in discharge of the defendant's liability.

In Equity, from Dougherty county. Decision by Judge ALLEN.

For a full statement of the facts of this case, see 19 *Ga. Rep.* 270.

The cause coming up again on a motion to dissolve the injunction upon the amended answer, the Court refused the motion and counsel excepted.

R. F. LYON, for plaintiff in error.

STROZIER & SLAUGHTER, *contra.*

*By the Court.*—LUMPKIN, J. delivering the opinion.

This is the third time this case has been before this Court upon an application to dissolve the injunction. Had it been let alone, it might, long since, have been tried upon its merits with much less expense and trouble to the parties and the public.

When it was last up, we held, 1st. That the answer was

too vague to authorize a dissolution of the injunction; and 2dly. That the injunction should be continued, because we were satisfied that all the facts necessary to a proper understanding and decision of the cause, were not out.

Since that time two amendments have been made to the answer; and it is again insisted that the injunction should be dissolved.

It is conceded, at any rate it is true, that if Thomas has, or had in his hands, as administrator of John M. Hampton, assets out of which the execution in favor of Samuel Jopp, obtained against John M. Hampton, in his lifetime, and now held by Andrew Y. Hampton, ought to be paid, that this *fi. fa.* constitutes a good set-off in equity against the 54 small notes upon which suit is prosecuting by Thomas, against the said Andrew Y. Hampton, as principal, and Horn, as the administrator of Wm. L. Hampton, who was security only upon said notes. Thomas pleads a want of assets, and alleges that he paid, out of his own funds, for the estate of his intestate, John M. Hampton, the amount of the 54 notes, which he claims as his own, over and above any effects in his hands, and his right to these notes is based alone upon the truth of this allegation. Amongst the debts discharged, is the decree in favor of Andrew J. Hampton against Thomas, as the administrator of John M. Hampton, on their copartnership dealings, which Thomas contends had a priority of lien even over the Jopp judgment, obtained against John M. Hampton, in his lifetime. And such, it is true, are the terms of that decree. It went upon the idea that this partnership debt was a trust, and consequently to take precedence even of judgments. It is true, that A. J. Hampton was a party to that decree, because it was rendered in his favor. But then Jopp was no party to that case; and Andrew J. Hampton claiming the judgment proposed to be pleaded as a set-off, holds under Jopp, through Lundy and wife, and as the assignee of the demand, is entitled to the same immunity as the previous holders. And hence, if it turns out that this partnership debt

was no trust claim, and the money paid to it was improperly applied, and not authorized by law, Andrew J. Hampton is not estopped by it.

Independent of this, the question of *plene administravit*, depends upon a full investigation of Thomas's accounts as administrator; and this Court is not capable, for want of time and other reasons, of making the necessary examination. It is a question of fact, to be inquired into by the jury, both from the records of the Ordinary, as well as *aliunde* evidence.

Moreover, all the property of John M. Hampton, including that for which these 54 notes were given, was bound by the lien of the Jopp judgment, obtained against John M. Hampton, in his lifetime. For the administrator to sell this property and appropriate the proceeds to himself under the allegation that the estate of his intestate is his debtor, by reason of the cash advances made by him, in discharge of the liabilities of the estate, the proof should be clear and convincing to the mind of the jury. We affirm the judgment of the Court below, believing as we do, that the answer, as amended, has not denied satisfactorily the equity of the bill. At least so much of the answer as is responsive to the bill.

Judgment affirmed.